IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**ROBERT WILLIAM LOSE, JR., and**
**C.E.S.,**
        **Plaintiffs,**[1,2,3]

v.        Civil Action No. 1:21-CV-135
       (JUDGE KEELEY)

**CPS WORKERS,**
**Morgantown, West Virginia;**
**CPS SUPERVISOR;**
**PRESLEY RIDGE FOSTER CARE SYSTEMS; and**
**PRESLEY RIDGE FOSTER CASE FOSTER PARENTS,**

        **Defendants.**

REPORT AND RECOMMENDATION AFTER INITIAL SCREENING
RECOMMENDING PLAINTIFF'S COMPLAINT [ECF No. 1] BE DISMISSED

On October 7, 2021, *pro se* Plaintiff Robert William Lose, Jr. ("Plaintiff") filed a complaint against unnamed[4] CPS[5] workers and supervisors, the Pressley Ridge[6] foster care organization, and unnamed Pressley Ridge foster care foster parents. [ECF No. 1 at 1].

---

[1] In accordance with the Local Rules, LR Gen. P. 5.08, consistent with Fed. R. Crim. P. 49.1, C.E.S., presumably a minor child, shall only be referenced herein using initials.

[2] It is unclear to the undersigned whether Plaintiff Lose intended to list C.E.S. as an individual plaintiff in this matter. The Complaint lists both Plaintiff Lose and C.E.S. in the case caption of the Complaint. [ECF No. 1 at 1]. However, all other filings list only Plaintiff Lose, and Plaintiff Lose uses singular language, "I" and "I'm," in the handwritten portions of filing. [*See* ECF No. 1 at 2, Certificate of Service; ECF No. 1-2, Contact Information for Pro Se Litigants; and ECF No. 1-3 at 1, unexecuted Summons in a Civil Action].

[3] Should this cause of action proceed in federal court with C.E.S., a minor child, as Plaintiff, counsel for the minor child must be obtained. The Fourth Circuit has held that non-attorney parents may not *pro se* litigate the claims of their minor children in federal court. *See* Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005)(collecting cases). *See also* M.D. v. Sch. Bd. of City of Richmond, 560 F. App'x 199, 202 (4th Cir. 2014) ("To ensure minors' rights are vigorously and competently protected, we have squarely held that non-attorney parents are barred from representing their children in federal court.")

[4] In the case caption of the Complaint, Plaintiffs list the following as Defendants in this action: "CPS Worker's [sic] Morgantown, West Virginia"; "CPS Supervisor"; "Presley Ridge Foster Care System's [sic]";  and "Presley Ridge Foster Care Foster Parents." [*See* ECF No. 1]. Names are not provided. However, the following information was given in request for the issuance of summonses: "Breeanna Cunningham, MSW 114 High Street Morgantown, West Virginia 26505"; "Morgantown, WV District Attorney Office 75 High Street # 11,"; and "Pressley Ridge Treatment Foster Care 11 Commerce Drive Suite 200[.]" [ECF No. 1-3].

[5] CPS, referred to throughout the Complaint, is presumed to refer to "Child Protective Services," the child welfare service of the state of West Virginia located within and administered by West Virginia's Department of Health and Human Services. *See generally* W. Va. Code § 49-1-106.

[6] The filings in this case repeatedly refer to "Presley Ridge." [*See* ECF No. 1 and 1-1. *But see* ECF No. 1-3 ("Pressley Ridge Treatment Foster Care 11 Commerce Drive Suite 200").]. The undersigned believes this to be a typographical and/or spelling error. The undersigned would note the West Virginia Secretary of State has no organizations listed

Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint, [ECF No. 1], should be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 7, 2021, *pro se* Plaintiff[7] Robert William Lose, Jr. ("Plaintiff") filed a complaint against the Defendants, unnamed[8] CPS workers and supervisors in Morgantown, West Virginia, the Pressley Ridge foster care organization, and unnamed Pressley Ridge foster parents. Plaintiff alleged jurisdiction on the basis that the ICWA[9] had been violated due to "body injury to a native child" and "the 1983 federal law violated"[10] because Plaintiff is Muslim and C.E.S. "is not with a Muslim family[.]" [ECF No. 1 at 1].

The underlying facts of this Complaint are unclear. Plaintiff asserts only the following: bodily injury to a native child in violation of federal law, "Pres[s]ley Ridge foster care system / CPS putting childrens [sic] life in danger[,]" and the placement of a Muslim child in a non-Muslim home in violation of federal law. [*Compare* ECF No. 1-1 at 1, Section VI, Cause of Action *and* ECF No. 1 at 1, ¶¶ 1-3].

Plaintiff submitted seven photographs, including images of two minor children alongside two adults as an attachment to the Complaint.[11] The photographs have been edited – one photograph has the word "youngest son" handwritten on the photo next to an infant or toddler child, three other photos include digital drawings where the knee area, mouth area, and eye area of the aforementioned infant or toddler child have been circled.

---

under the name "Presley Ridge," however, there is a "Pressley Ridge," registered with the West Virginia Secretary of State, Organization ID 93950, with an address corresponding with the one provided by Plaintiff for the issuance of a summons.

[7] *See* supra n. 2.
[8] *See* supra n. 5.
[9] The ICWA, referred to within the Complaint, is presumed based on the context to refer to the Indian Child Welfare Act of 1978. *See* 25 U.S.C. §§ 1901-1923 (1978).
[10] While it is unclear from information presented in the Complaint, "the 1983 federal law violated" is presumed based on the context to be referring to Section 1983 of The Civil Rights Act of 1871. *See* 42 U.S.C. § 1983.
[11] To protect the minor children at issue, these pictures have been archived under seal with the Clerk's Office for the U.S. District Court for the Northern District of West Virginia, Clarksburg point of the holding court in the physical paper file for 1:21-CV-135.

Plaintiff requests a jury trial and relief in that C.E.S. be returned to the care of Plaintiff Lose and $200,000 monetary relief. [*Compare* ECF No. 1 at 1, ¶ 2, *and* ECF No. 1-1 at 1, Section VII, Requested in Complaint].

On the same day, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit, [ECF No. 2], in conjunction with his Complaint, [ECF No. 1].

On October 8, 2021, this Court, by the Honorable Irene M. Keeley, Senior U.S. District Judge, entered an Order of Referral, referring this matter to the undersigned U.S. Magistrate Judge in order "to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise." [ECF No. 3].

On October 15, 2021, the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* and directed the Clerk of the Court to issue summonses to Defendants at the addresses listed by Plaintiff and to notify the United States Marshals Service, who were directed to serve the summonses and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure. [ECF No. 5].

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune[12] from such relief. 28 U.S.C. § 1915(e)(2)(B).

This screening is generally conducted prior to ruling upon the Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs and before service of process.

---

[12] It should also be noted that, while indeterminable based upon the information presently provided, defendants who are state actors working for CPS may possibly be entitled to statutory immunity or qualified immunity. *See* W. Va. Code § 49-2-802(h) (statutory immunity)("No child protective services caseworker may be held personally liable for any professional decision or action taken pursuant to that decision in the performance of his or her official duties[.]") and Occupy Columbia v. Haley, 738 F.3d 107, 118 (4th Cir. 2013)(qualified immunity).

*See* Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016)(Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016)(Johnston, J.). However, the court may invoke § 1915 *sua sponte* and shall "dismiss the case **at any time**" if the court determines that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(emphasis added). *See* Whitehead v. Paramount Pictures Corp., No. 1:08CV792 AJTTRJ, 2009 WL 1565639, at *5 at n. 5 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010); Cochran v. Morris, 73 F.2d 1310 (4th Cir.1996)(allowing *sua sponte* dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); and Weller v. Dep't of Social Servs., 901 F.2d 387, 389 (4th Cir.1990)(dismissal proper where there were no allegations against defendants).

The purpose of this Section is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. *See also* Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995)(initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.")(internal citations omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792 AJTTRJ, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010)(upholding dismissal).

The Complaint here provides **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. For example, the Complaint does not articulate the relationship between Plaintiff Lose and C.E.S, does not provide how many children are at issue in this case, does not describe

4

any details regarding a bodily injury,[13] does not allege who may have caused the alleged injuries (may be CPS state actors, foster care parents, or some other person), does not provide the status of the children's current custody or foster care placement, and does not articulate whether either of the children at issue qualify as an "Indian child" whose custody is at issue under the Indian Child Welfare Act. It is unclear precisely who the Plaintiffs are and who the Defendants are in this case. [*See* supra at n. 2 and 4]. Even when construing the *pro se* Complaint most liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully finds that the Complaint, as currently written,[14] is without foundation in fact and does not set forth a cognizable claim. Labels and conclusions are insufficient to state a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Complaint is so insufficient that it does not provide Defendants with fair notice of the the nature of the claims against them or the relief sought.

Because of the lack of any factual allegations of acts, omissions, or wrongdoing by the Defendants, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted. After performing an initial screening *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2), the undersigned **CONCLUDES** and **RECOMMENDS** Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

## VI. RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis*, [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Any party shall have **fourteen days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**

---

[13] The undersigned has reviewed all of the abovementioned photographs filed with the Court. *See* supra n. 11. The photographs did not depict any apparent injuries to either child.

[14] The undersigned would note that, under Rule 15(a) of the Federal Rules of Civil Procedure, depending on the circumstances, parties may amend their pleadings as a matter of course, with the opposing party's written consent, or upon motion and with permission from the Court.

A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty (20) handwritten pages**, **including exhibits**, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to all counsel of record and to the *pro se* Plaintiffs by certified mail, return receipt requested. The Clerk of Court is also **DIRECTED** to send copies of this Report and Recommendation to the addresses previously provided for the Defendants to Breeanna Cunningham, MSW, 114 S. High St, Morgantown, WV 26501, Monongalia County Prosecuting Attorney, 75 High St #11, Morgantown, WV 26505, and Pressley Ridge, 11 Commerce Dr #200, Morgantown, WV 26501.

**DATED**: October 22, 2021

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE